United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROMETHEUS DEVELOPMENT CO., INC.; and SANFORD N. DILLER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EVEREST PROPERTIES II, LLC; EVEREST INVESTORS 12, LLC; and EVEREST MANAGEMENT, LLC,<br><br>　　　　Defendants. | No. C 06-02751 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

Prometheus Development Company, Inc. ("PDC") and Sanford N. Diller seek to enjoin state-court proceedings initiated by Everest Properties II, LLC, Everest Investors 12, LLC, and Everest Management LLC ("the Everest entities"). The Everest entities move to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that there is no subject-matter jurisdiction and on the grounds that this action is precluded by the Anti-Injunction Act, 28 U.S.C. 2283. This order holds that the Act does preclude entry of an injunction. The motion, therefore, is **GRANTED**. Since the preclusion is a defect that cannot be remedied by amendment, the dismissal is with prejudice.

**STATEMENT**

PDC and Diller's instant action for injunctive relief relates to two previous actions, one in state court and one in federal court, brought on behalf of former limited partners in Prometheus Income Partners, L.P. ("the Partnership").

As a brief background for both previous lawsuits, the Partnership's holdings consisted of two apartment complexes located in Santa Clara, California. Diller was the president, chief financial officer and sole director of PDC, the corporate-general partner of the Partnership. Diller and his wife held all of the outstanding shares of capital stock in PDC. In March 2002, PDC announced a proposal for the merger of the Partnership into PDC's affiliate, PIP Partners. By this merger, PIP Partners was to acquire the entirety of the Partnership's units at $1,714 per unit for a total transaction of $53,200,000, followed by a liquidation of the Partnership.

In June 2002, PDC issued a proxy, filed with the Securities and Exchange Commission, setting forth the terms of the proposed merger. Over the following weeks, PDC made several supplemental filings to the proxy and one of the limited partners filed a counter-proxy seeking to block the merger. In July 2002, a majority of the limited-partnership units voted to approve the merger.

*The State-Court Action ("Action I").*

In August 2003, the Everest entities filed an action against PDC and Diller in the Superior Court of California for Los Angeles County alleging breach of fiduciary duty and violation of California Business and Professions Code § 17200. That state-court action was *not* a class action. The state-court action was then transferred to the superior court for San Mateo County. In June 2005, trial proceeded against PDC (while the claims against Diller were dismissed). The superior court found that PDC violated its fiduciary duty to the Everest entities and awarded them damages totaling $4,463,737 (Kendig Decl. Exh. A). The superior court, however, did not enter judgment against PDC until February 24, 2006 (*id*. at Exh. B). PDC then filed an appeal of the judgment in the state-court action, which is still pending. PDC posted a bond of $7,050,000 during the pendency of that appeal (*id*. at Exh. E).

*The Federal Class Action ("Action II").*

Meanwhile, in July 2005 a *separate* group of limited partners filed a *class-action* complaint in federal court. The federal class-action complaint "excluded from the Class . . . limited partners who are adjudicating their claims against defendants in an action brought in the Superior Court of San Mateo County," *i.e.*, the Everest entities (Kendig Decl. Exh. C at ¶ 14). The federal class-action complaint alleged breach of fiduciary duty against PDC and Diller. On February 24, 2006, this Court granted PDC and Diller's motion to dismiss the federal class-action complaint on the grounds that the complaint failed to satisfy FRCP 9(b). Judgment was entered in favor of PDC and Diller on that same day.

*The Instant Action: The Federal Injunctive-Relief Action ("Action III").*

The instant action for injunctive relief was filed in April 2006. By this action, PDC and Diller seek to enjoin the Everest entities from further prosecution of the state-court action (Action I). Given that the state-court action has already reached judgment, PDC and Diller apparently hope to enjoin enforcement of the state-court judgment against them. The Everest entities now move to dismiss this action for injunctive relief.[1]

**ANALYSIS**

The Everest entities argue that the Court lacks jurisdiction to enjoin the state-court action and that such an injunction is precluded by the Anti-Injunction Act. Both of these issues, as explained herein, depend on an application of the Act.

"The Anti-Injunction Act precludes federal courts from enjoining state court actions unless (1) Congress has expressly authorized such relief by statute, (2) an injunction is 'necessary in aid of [the court's] jurisdiction,' or (3) an injunction is necessary 'to protect or effectuate [the court's] judgments.'" *Golden v. Pac. Mar. Ass'n*, 786 F.2d 1425, 1427 (9th Cir. 1986) (*quoting* 28 U.S.C. 2283). "In the interest of comity and federalism, these three exceptions must be strictly construed." "[D]oubts as to the propriety of a federal injunction

---

[1] This order takes judicial notice of the court documents filed in the earlier state and federal actions. These documents are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. As these documents speak for themselves, this order relies on the documents, not on counsel's characterizations thereof. Fed. R. Evid. 1002.

3

1  against state court proceedings should be resolved in favor of permitting the state courts to
2  proceed in an orderly fashion to finally determine the controversy." *Ibid*. (internal citation
3  omitted).

4  The third exception for injunctions necessary "to protect or effectuate" a court's
5  judgments, or the "relitigation exception," is in question here. "No independent basis of
6  jurisdiction is required for a federal court to entertain application to enjoin relitigation in state
7  court." Wright and Miller, *Federal Practice and Procedure*, § 4226 (2d ed. 1988,
8  supplemented 2005) (emphasis added). "This is thought to be within the ancillary jurisdiction
9  of the federal court, and the jurisdiction that the federal court had when it entered its original
10 judgment is enough to support its issuance of an injunction." The issue, therefore, is whether
11 the relitigation exception applies or whether the Anti-Injunction Act precludes this action.[2]

12 "The relitigation exception was designed to permit a federal court to prevent state court
13 litigation of an issue that was previously presented to and decided by a federal court." *G.C. and*
14 *K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003). "A district court may properly
15 issue an injunction under the relitigation exception if 'there could be an actual conflict between
16 the subsequent state court judgment and the prior federal judgment.'" *Ibid*. (internal citation
17 omitted). "Even if no actual conflict is possible, an injunction 'could still be proper if res
18 judicata would bar the state court proceedings.'" *Ibid*. (internal citation omitted). The
19 relitigation exception is limited "to those situations in which the state court has not yet ruled on
20 the merits of the res judicata issue." *Golden*, 786 F.2d at 1427 (internal citation omitted). The
21 "requirements of identity of the parties, . . . adequate notice, and adequate representation
22 apply." *Sandpiper Village Condo. Ass'n., Inc. v. Louisiana-Pacific Corp.,* 428 F.3d 831, 847
23 (9th Cir. 2005).

---

[2] PDC and Diller argue that jurisdiction here is conferred by the All Writs Act, 28 U.S.C. 1651. The jurisdictional grant under the All Writs Act, however, is limited by the Anti-Injunction Act. *Sandpiper Village Condo. Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005). Thus, unless jurisdiction is consistent with the Anti-Injunction Act, no jurisdiction exists by virtue of the All Writs Act. PDC and Diller also argue that somehow the Class Action Fairness Act, 28 U.S.C. 1453, confers jurisdiction here. The CAFA argument is unintelligible. This injunctive-relief action is not a class action. None of the prerequisites for application of CAFA exist.

4

1  For the two reasons stated below, PDC and Diller's action for an injunction does not
2  satisfy the relitigation exception to the Anti-Injunction Act.

3  *First*, there is no identity between the parties involved in the federal class action and the
4  parties involved in the state-court action. As stated above, the federal class action *specifically*
5  *excluded* the Everest entities, whose rights were being pursued in the state-court action. The
6  state-court action and the federal class action thus simply included different parties.

7  PDC and Diller argue that the Everest entities were nonetheless "in privity" with the
8  federal class. This is incorrect. "'Privity' . . . is a legal conclusion 'designating a person so
9  identified in interest with a party to former litigation that he represents precisely the same right
10 in respect to the subject matter involved.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d
11 1047, 1052–53 (9th Cir. 2005) (internal citation omitted). "'A non-party can be bound by the
12 litigation choices made by his virtual representative,' only if certain criteria are met: '[A] close
13 relationship, substantial participation, and tactical maneuvering all support a finding of virtual
14 representation; identity of interests and adequate representation are necessary to such a
15 finding.'" *Id.* at 1053–54 (internal citation omitted).

16 The Everest entities were not represented in the federal class action, actually or
17 virtually, but rather were specifically excluded from the class. The Everest entities were, by
18 design, denied the opportunity to participate in the federal action. Any benefit accruing to the
19 federal class would not have flowed to the Everest entities. PDC and Diller's privity argument
20 is, thus, unpersuasive.

21 *Second*, the state-court action had *already* reached the merits of the purportedly
22 estopped issue—breach of fiduciary duty—*prior* to the termination of the federal class action.
23 Although the state court did not enter judgment until the same day that judgment was entered in
24 the federal class action, the state-court action reached the *merits* of the issue of fiduciary-duty
25 breach several months *earlier* (after a trial) than the federal class action. It would abuse
26 principles of comity to order the state court to suspend a judgment that it processed through trial
27 so as to enforce a *subsequent* federal judgment. *See Golden*, 786 F.2d at 1427.

28

5

Under such circumstances the relitigation exception does not apply.  The Anti-Injunction Act, therefore, precludes this federal injunctive-relief action and requires dismissal.

## CONCLUSION

For the foregoing reasons, the Everest entities' motion to dismiss is **GRANTED**.  The dismissal is with prejudice because PDC and Diller cannot plead around the Anti-Injunction Act by amendment.  Judgment will be entered accordingly with this order.  Finding further argument unnecessary, hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated:  June 16, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE