United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PROMETHEUS DEVELOPMENT CO., INC.; and SANFORD N. DILLER,

    Plaintiffs,

v.

EVEREST PROPERTIES II, LLC; EVEREST INVESTORS 12, LLC; and EVEREST MANAGEMENT, LLC,

    Defendants.

No. C 06-02751 WHA

**ORDER DENYING MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11 AND VACATING HEARING**

**INTRODUCTION**

Prometheus Development Company, Inc. ("PDC") and Sanford N. Diller sought to enjoin state-court proceedings initiated by Everest Properties II, LLC, Everest Investors 12, LLC, and Everest Management LLC ("the Everest entities"). The injunctive-relief action was dismissed on the grounds that it was precluded by the Anti-Injunction Act, 28 U.S.C. 2283. The Everest entities now move for sanctions against PDC and Diller pursuant to Federal Rule of Civil Procedure 11, arguing that PDC and Diller filed the injunctive-relief action without basis and for an improper purpose. This order finds that although PDC and Diller committed a legal error in filing the injunctive-relief action, the error was technical and not motivated by an improper purpose. The motion for sanctions is, therefore, **DENIED**.

**STATEMENT**

PDC and Diller's action for injunctive relief related to two previous actions, one in state court and one in federal court, brought on behalf of former limited partners in Prometheus Income Partners, L.P.

Diller was the president, chief financial officer and sole director of PDC, the corporate-general partner of the partnership. In March 2002, PDC announced a proposal for the merger of the partnership into PDC's affiliate, PIP Partners. By this merger, PIP Partners was to acquire the entirety of the Partnership's units at $1,714 per unit for a total transaction of $53,200,000, followed by a liquidation of the partnership. In June 2002, PDC issued a proxy, filed with the Securities and Exchange Commission, setting forth the terms of the proposed merger. In July 2002, a majority of the limited-partnership units voted to approve the merger.

*The State-Court Action ("Action I").*

In August 2003, the Everest entities filed an action against PDC and Diller in the Superior Court of California for Los Angeles County alleging breach of fiduciary duty and violation of California Business and Professions Code § 17200 in relation to the merger. That state-court action was *not* a class action. The state-court action was then transferred to the superior court for San Mateo County. In June 2005, trial proceeded against PDC (while the claims against Diller were dismissed). The superior court found that PDC violated its fiduciary duty to the Everest entities and awarded them damages totaling $4,463,737. The superior court, however, did not enter judgment against PDC until February 24, 2006. PDC then filed an appeal of the judgment in the state-court action, which is still pending.

*The Federal Class Action ("Action II").*

Meanwhile, in July 2005 a *separate* group of limited partners filed a *class-action* complaint in federal court. The federal class-action complaint "excluded from the Class . . . limited partners who are adjudicating their claims against defendants in an action brought in the Superior Court of San Mateo County," *i.e.*, the Everest entities (Federal Class-Action Compl. at ¶ 14). The federal class-action complaint alleged breach of fiduciary duty against PDC and Diller. On February 24, 2006, this Court granted PDC and Diller's motion to dismiss the

1  federal class-action complaint on the grounds that the complaint failed to satisfy FRCP 9(b).

2  Judgment was entered in favor of PDC and Diller on that same day.

*The Federal Injunctive-Relief Action ("Action III")*.

The action for injunctive relief was filed in April 2006. By Action III, PDC and Diller sought to enjoin the Everest entities from further prosecution of the state-court action (Action I). Given that the state-court action had already reached judgment, PDC and Diller apparently hoped to enjoin enforcement of the state-court judgment against them. On June 16, the Court dismissed Action III with prejudice. The June 16 order explained that the action was barred by the Anti-Injunction Act, since the action did not satisfy the relitigation exception to the Act.

**ANALYSIS**

The Everest entities now move for sanctions under Rule 11 on the grounds that PDC and Diller had no basis for believing that Action III would survive the Anti-Injunction Act, and because PDC and Diller purportedly filed Action III for an improper purpose.

Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). When, as here, a complaint is the primary focus of Rule 11 proceedings:

> [A] district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.

*Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005) (internal citation omitted). "As shorthand for this test, we use the word 'frivolous' 'to denote a filing that is both baseless and made without a reasonable and competent inquiry.'" *Ibid*. (internal citation omitted).

PDC and Diller maintain they had an objective basis for their argument that the relitigation exception to the Anti-Injunction Act prevented preclusion of their injunctive-relief action. At the least, PDC and Diller claim their argument was a good faith argument for an extension of debatable principles of law.

As explained in more detail in the Court's June 16 order, "[t]he Anti-Injunction Act generally prohibits the federal courts from interfering with proceedings in the state courts."

3

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988). There are three exceptions provided in the Act, including the "relitigation exception." "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." *Id*. at 147; *see also G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003).

The June 16 order found that there were two reasons why the relitigation exception did not apply. *First*, no privity existed between the Everest entities and the federal class (from Action II), because the federal class explicitly defined itself as excluding the Everest entities. The Everest entities stood in no way to benefit from any success in the federal-class action. *Second*, the state court had already shepherded the Everest entities' allegations about breach of fiduciary duty through trial, finding that the Everest entities were entitled to relief. Principles of comity thus required this Court to refrain from enjoining the effect of the state-court's ruling on the merits.

PDC and Diller largely based their argument for the applicability of the relitigation exception on the Eight Circuit's opinion in *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1013 (8th Cir. 2002). In *Canady*, a putative class alleged civil-rights violations against insurers. The federal court denied class certification and dismissed the complaint without prejudice. The class then filed new complaints in Missouri state court, alleging the same violations against the insurers. The insurers sought to enjoin the state-court class actions. The district court granted the injunction under the relitigation exception to the Anti-Injunction Act and the Eighth Circuit affirmed.

Clear differences exist between this series of actions and the series of actions in *Canady*. Here, the plaintiffs in the state-court action (Action I) and the federal-court action (Action II) were explicitly different. The Everest entities, who brought the state-court action, were excluded from the putative federal class. In addition, unlike *Canady*, the state-court action here was proceeding long before judgment was entered in the federal action. The effect of the injunction in *Canady* was to prevent the state court from engaging in duplicative litigation.

4

1 Here, the injunction requested by PDC and Diller would have undone the work of the state court
2 in bringing an action all the way to trial and to judgment.

3                              *               *               *

4       Nevertheless, PDC and Diller's legal error in applying the Anti-Injunction Act is the
5 type of technical error that the Ninth Circuit has deemed inappropriate for sanctioning under
6 Rule 11. *See Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1135–36
7 (9th Cir. 1997). In *Montrose*, the corporate plaintiff failed to properly identify its citizenship,
8 thus the purported diversity action was dismissed for lack of subject-matter jurisdiction. The
9 *Montrose* opinion found that the corporate plaintiff "offer[ed] scant legal support for its
10 argument that Montrose is a citizen of Nevada." *Id*. at 1135. Nevertheless, "[t]he district court
11 did not find, nor is there sufficient evidence on the record before us to conclude, that Latham &
12 Watkins's initial failure to plead Montrose's citizenship was the result of 'any improper
13 purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of
14 litigation.'" *Id*. at 1136 (internal citation omitted). Instead, the jurisdictional defect was the
15 type of "technical error" that failed to warrant the imposition of sanctions. *Ibid*.

16       So too here. The Everest entities have not demonstrated that PDC and Diller filed the
17 injunctive-relief action for an improper purpose. It is more likely that PDC and Diller
18 genuinely hoped to foreclose the imposition of damages in the state-court action, rather than to
19 harass or unnecessarily delay the Everest entities. Indeed, no delay and limited expense
20 resulted from the failed injunctive-relief action. At bottom, PDC and Diller simply made a
21 technical error in the application of the Anti-Injunction Act. Such an error does not warrant
22 sanctions.

**CONCLUSION**

For the foregoing reasons, the motion for sanctions under Rule 11 is **DENIED**. Finding no further argument necessary, the hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 18, 2006



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE